FILED
CLERK, U.S. DISTRICT COURT
1/24/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00054-JAK |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1344(2): Attempted Bank Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |
| AARON HORTON, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1344(2), 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Kinecta Federal Credit Union ("KINECTA") and SchoolsFirst Federal Credit Union ("SFCU," and collectively, the "Credit Unions") were financial institutions insured by the National Credit Union Share Insurance Fund.

B.  THE SCHEME TO DEFRAUD

2. Beginning on a date unknown to the Grand Jury, but no later than on or about October 20, 2022, and continuing through on or about

June 28, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant AARON HORTON, knowingly and with intent to defraud, executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of financial institutions, including the Credit Unions, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

  3. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Defendant HORTON would open accounts at the Credit Unions for the purpose of cashing fraudulently altered checks that were issued by the United States Department of Treasury ("U.S. Treasury Department").

    b. Defendant HORTON would obtain checks issued by the U.S. Treasury Department to persons other than defendant HORTON.

    c. Defendant HORTON would also obtain checks issued by the U.S. Treasury Department that he or another co-schemer fraudulently altered so that defendant HORTON's name and address were listed as the payees' names and addresses.

    d. Defendant HORTON would deposit the fraudulently altered checks at KINECTA and SCFU branches in the Central District of California.  In doing so, defendant HORTON falsely represented that defendant HORTON was the intended payee of the checks and concealed from the Credit Unions that defendant HORTON was not authorized to cash the checks.

    e. Defendant HORTON would then withdraw the proceeds of his fraud scheme from various ATM machines located at KINECTA and SFCU branches.

C.  ATTEMPTED EXECUTIONS OF THE SCHEME

4.  On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant HORTON committed and willfully caused the commission of acts which constituted an attempted execution of the fraudulent scheme, namely, defendant HORTON cashed the following checks and counterfeit copies of checks from the U.S. Treasury Department:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | October 20, 2022 | Deposited a U.S. Treasury Department check in the amount of $2,485 that had been issued to an individual other than defendant HORTON, at a SCFU branch in Ladera Heights, California. |
| TWO | October 26, 2022 | Deposited a U.S. Treasury Department check in the amount of $3,435.96 that had been issued to an individual other than defendant HORTON, at a SCFU branch in Ladera Heights, California. |
| THREE | June 2, 2023 | Deposited a U.S. Treasury Department check in the amount of $8,014.80 that had been issued to an individual other than defendant HORTON, at a KINECTA branch in Hawthorne, California. |
| FOUR | June 28, 2023 | Deposited a U.S. Treasury Department check in the amount of $108,351.94 that had been fraudulently altered to replace the original payee's name and address with defendant HORTON's name, at a KINECTA branch in Hawthorne, California. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of any of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//
//
//

4

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                            A TRUE BILL

                                                    /s/
                                            Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

COLIN S. SCOTT
Assistant United States Attorney
General Crimes Section